525-0937. And while the party's set up, I'm going to excuse myself. We have appointed Justice McHaney to here as a third member of the panel. So Justice Barberas, I think, is going to preside over this case. So just give us one moment. All rise. All rise. We just do that so that we can have you guys hear the buzzer and everybody stand up and get ready. I apologize for that. It was a bit of my misunderstanding on how we were going to proceed. So this next case is our... She called it already. Okay. As Justice Kates explained a moment ago, she is not going to hear this case, but Justice McKinney will participate and listen to the audio tape of this proceeding, participate fully in that fashion, and will be part of the panel deciding this case. So if counsel, the appellant, is ready, you may proceed. Good morning. May it please the Court, my name is Larry Bagsby. I am the intervener, appellant. And this case involves the appeal of a trial court order that was just a direct violation of the law of the case doctrine. It was an order that was entered October 17th, 2025, without any prompting from the parties, no notice to the parties, no opportunity to be heard by the parties as to why the entry of that order would be prohibited. The order of October 17th that's being appealed, proposed to vacate a final order that had been entered six months earlier by a different judge, Judge Julie Gomrick, who was sitting as a circuit judge entertaining post-judgment relief requests and motions, what would typically be a 2-1401 proceeding. On February 25th of 2025, counsel for appellees filed what was styled as a motion to reinstate on behalf of both of the appellees. But the significance and importance of what they were asking for is the distinction between a motion to reinstate under Rule 369, after an appeal and remand, and what the requirements are in a 1401 proceeding. The substance of the motion they filed sought to reopen a closed case. It was closed permanently. What they were also asking for is to take additional evidence and reissue the identical order that had been issued on September 6th, 2022, and which had subsequently been declared void by a Missouri circuit court. On April 21, 2025, we have a hearing, a contested hearing before Judge Gomrick. Every party was present. Every party had filed pleadings. What date was that? April 21, 2025. I had filed a motion to intervene, which the court granted. When it came to the motion to reinstate, I had filed objections to basically the procedure they were trying to take in that they had not complied with 1401 because it requires an affidavit setting forth what facts would have changed the original order had the court been aware of it. And they had not complied with that. It's a strict compliance standard under 1401. You've either got an affidavit showing new facts or you don't. If you don't comply, your petition is going to be denied. Secondly, I filed and registered the April 10, 2025, order and judgment of the circuit court of Franklin County, Missouri, declaring the order of September 6, 2022, that was issued by Judge Colbert in St. Clair County, void and held for not. My arguments, as you can see in the transcript from April 21, 2025, is that because the appellees had taken an assignment of judgment in Franklin County, Missouri, without recourse, specifically in the assignment, were taking this without recourse, that they had acquired no rights at all. Once the Franklin County Circuit Court in Missouri declared that order void, it meant that appellees had purchased nothing. And because they took the assignment without recourse, they bought as is. If you're a purchaser in the state of Missouri and you're purchasing without recourse, you are buying as is. If it turns out you've bought something for nothing, that's worth nothing, you cannot go forward, you cannot go backwards. And that's exactly what Judge Goldberg agreed with me in the April 21, 2025, hearing. She found specifically that neither of the appellees, neither Second Chance Farms, L.C., or Frederick P. had legal standing to sue. And nothing has changed. Nothing changed all the way up until October 17, when Judge Goldberg had learned two days before that, in a separate hearing, that his September 6, 2022, order had been declared void, and that the appellees had no standing. That order is specifically in violation of the Law of the Case Doctrine. Once a matter has been litigated, whether it's a factual issue or a legal issue or both issues, that's the end of the matter. It applies when, specifically, in a post-judgment motion denial, which is what happened April 21, 2025, you have the right to appeal under Supreme Court Rule 304B. No appeal was taken. So 30 days after Judge Goldberg's order, finding that the appellees had no standing, that forever became the Law of the Case. Appellees still have no standing to even be heard in this courtroom, because nothing has changed. They bought an order in Franklin County, Missouri, that is undeniably void because it was entered without subject matter jurisdiction in the underlying case. That's not even up to dispute. The order was entered September 6. This court's original mandate was issued September 13, seven days after the hearing and the order was entered. Therefore, it's void. And a void order has no remedy. I mean, the original client, Christopher Green, hypothetically, instead of selling the void order in the state of Missouri, could have gone back after he received the mandate a week after the order was entered and said, I'm sorry, Judge, we need to do it all over again. Because right now I've got nothing to sell. But that's not what he did. Counsel for Christopher Green had the void order of September 6, 2022, registered in the state of Missouri, in county year 2024, as a valid foreign judgment, which the appellees then purchased, again, under the assignment of judgment, without recourse. They had bought nothing. So are you suggesting that, is it only the voidness of the order that defeats the assignee's rights in this? Or is it the without recourse language also extinguishes that ability? I think it's both. But the without recourse is just the death note. You might as literally have spray painted on whatever it is you're buying without recourse as is. If it's worth something, it's worth something. If it's not worth anything, there's nothing I can do about it. And that's really all I have unless the board has questions. No questions. Is this time to move on? Counsel?  Good morning. May it please the court. My name is Rob Eggman. I, along with my co-counsel, Carrie Mitchell, and Steven Davis, represent Last Chance Farms, LLC, and Dr. Frederick Peete. It seems like this case is somewhat similar to the previous one, as I listened to the oral argument there. Both are sequels, and both involve post-mandate relief. We've got two core issues here, as the court may know. First is Judge Gomerich's April 21st, 2025 order denying Apolli's motion to reinstate upon remand, and whether that constitutes a law of the case and bar Judge Colker from later granting Apolli's motion. And number two, once we get past that point, Judge Colker's October 17th, 2025 order reinstating the case and issuing sanctions was within the court's authority and discretion. And we submit that Judge Gomerich's order was not a final order, number one. And number two, with respect to Judge Gomerich's order, there's no findings in that order. There's a transcript, which we'll get to in a moment, but there's no specific findings with respect to that order. Further, that order was not filed, or that motion was not filed under 735 ILCS 5-2-1401, and therefore cannot constitute a law of the case. I'm going to refer throughout this argument to that statute as 2-1401. Second, Judge Colker's October 17th order granting the Apolli's motion to reinstate and awarding sanctions is a valid exercise of authority under the appellate court's mandate, and the court did not abuse its discretion as sanctions were supported by the method. So first, with respect to Judge Gomerich's April 21st, 2025 order denying the motion to reinstate, it was not a final appealable order. And I believe the appellant and Apolli both agree that Judge Colker's, or that the issue of Judge Colker and the law of the case is decided under an abuse of discretion standard. The law of the case doctrine, which bars relitigation of an issue previously decided in the same case, only applies where there's a final appealable order, and that's the Swain v. Chicago case, and we do not think there's a final appealable order in this particular case. Further, the motion to reinstate filed by Apolli's was not filed under Section 2-1401, despite appellant's vehement arguments contrary. The appeal was based almost entirely on this argument that it was a 2-1401 motion, as the appeal was brought under Rule 304b-3 of the Illinois Supreme Court rules. Because the motion to reinstate was brought under Rule 362c and not Section 2-1401, appellant incorrectly asserts that, and the October 17th order was not a Rule 305-4 finding, and therefore I don't even believe this appeal was appropriate. However, even if the Apolli's motion to reinstate is construed as a 2-1401 petition, the law of the case doctrine still does not apply for a couple of reasons. First, in getting to Judge Domerick's order for just a moment here, I think we have to remember when dealing with law of the case that this is the same court. This is not a different court second-guessing one another. This is the circuit court of St. Clair County, Illinois, just two different judges sitting over the same case. So I would have thought the propriety of that, that one judge in effect serving as the appellate court, reversing or reviewing another judge's ruling on that. Not at all. This is the case. It was sent to Judge Domerick for the sole purpose of judgment collection. It's always Judge Colker's case from the time it was filed in 2017 until today. Still his case. It goes down to Judge Domerick simply for the sole purpose of post-judgment collection activities, such as citations, et cetera, like that. So from my perspective, this is Judge Colker's case. In fact, we noticed the motion before Judge Colker. And Judge Colker said, sent us down, and Mr. Bagsby was there that day, sent us down to Judge Domerick's filing room to go see Judge Domerick, and we did. So, I mean, but it was always his case as evidenced by the rulings before that April ruling and after that April ruling. So once the mandate issued, the trial court's jurisdiction was really limited to carrying out this court's explicit directions to determine the amount of sanctions. And that's the marriage of Tula case, which we cited in our brief. A trial court only has jurisdiction at this point in time to take action consistent with a reviewing court's mandate. And the trial court lacks authority to exceed the scope of the mandate. In other words, Judge Colker couldn't have reopened evidence at that point in time and decided to make a ruling on the actual underlying issue of whether sanctions were appropriate, because this court said they were. In fact, this court not only said the sanctions were appropriate, they sent it back down to the court and said, it needs to be more. So that was the only thing the trial court could do at that time, is assess the sanctions. Any order given by the trial court, in this case it would be Judge Gomert, that exceeds the scope is therefore void for lack of jurisdiction and must be vacated or reversed. And that's the People v. Bosley case. The appellate court's mandate directed the trial court to determine the reasonable amount of attorney's fees and warrant sanctions as compatible with the evidence presented. Judge Gomert's order denying the green statement upon remand and characterizing the case as closed plainly fell outside of the explicit and limited directions given by this court's September 13, 2022 mandate and therefore was without jurisdiction. The trial court was therefore required to vacate the September 6 order and proceed. What's also interesting about this is obviously, you know, we are the newest to this case as counsel. It was not abundantly clear whether this was void or not. And when the judgment was purchased by Second Chance Farms, nobody had any idea. In fact, Mr. Bagdy represented Dr. Peete below, and here we were over two years later. And you'll note, never took any action to try to say that that was a void judgment, while citations to discover assets were being filed and executions were being filed. Dr. Peete's own counsel never took the position that this was void. So it wasn't until after the judgment was purchased that all of a sudden this came out of the woodwork and after Dr. Peete had fulfilled his obligations by paying this sanction award. With respect to standing, appellant asserts that police has no legal standing in the case, and that was the ruling by Judge Gomert, which I would disagree. I think one would have to look at the transcript pretty carefully, and I'm sure the court has. Judge Gomert really didn't get to the merits of this. What Judge Gomert was dealing with at that time was what she thought was an end-around, the Franklin County Court's decision, which at that time had declared the assignment void. Not the judge himself, but the assignment. And she didn't want any part of it. She basically said, look, the order is what the order is. Obviously, Judge Colker thought this order was fine when he entered it. If you think that it's fine, go do what you've got to do, whether it be in Franklin County, Missouri, or St. Clair County, Illinois, and we'll deal with that issue. But I'm not going to give you, she characterized this, what I call a comfort order, saying this order is fine. So basically what she did was, I'm just not going to get involved in this. I'm the collections judge, nothing more, nothing less. If you've got some collections issues, come back and visit me. Not to mention the fact that Mr. Badgley's argument that second-chance arms has no standing without the recourse language. First off, without recourse does not mean as is. It means you can't sue them, is what it means. That's a lot different. Not to mention the fact that second-chance farm bought whatever Christopher Green had. And right now, Christopher Green has a judgment for $99,000 in some change that was issued on October 17, 2025, and that's what second-chance farms owns. However, to the extent this court were to conclude that second-chance farms does not have standing, most clearly, Dr. Pete has standing. He was a part of this action. He was, for lack of a better term, the victim of some poor legal advice which caused the sanctioned award in the first place. Dr. Pete stepped up to the plate, paid the sanctioned award, and is now seeking to collect that. The argument that all parties have returned to their original places has no merit under the law of the case or Illinois law. With respect to the argument that this is a Section 2-1401 motion, if the court were to conclude that this was, in fact, a 2-1401 motion, I still do not believe it's the law of the case because it constituted a new and separate action on the April 21st order and did not adjudicate the issues in the same case. And therefore, it cannot bind subsequent proceedings in the underlying case on remand. The law of the case doctrine bars relitigation of an issue previously decided in the same case, and that's the Swain case again. However, a Section 2-1401 petition commences a new cause of action, and that's the Universal Outdoor Inc. case. Therefore, if the appellee's motion to reinstate is considered a Section 2-1401 motion, it's considered a new case and not the law of this particular case. Now we get to the issue of the October 17th order itself, Your Honors, and whether or not that order was appropriate. A reviewing case will not reverse a decision on a Rule 369C reinstatement, abstinent abuse of discretion. That's the panel bill case. In the initial brief, appellant argues that the standard is de novo because it's avoid judgment, but makes no argument whatsoever in his brief or reply brief that it's avoid judgment. I believe that in the reply brief, for all intents and purposes, the appellant has made an admission that the standard is abuse of discretion. So with this standard in mind, an abuse of discretion occurs only when the circuit court's decision is arbitrary, fanciful, or unreasonable, or if no reasonable person would adopt the view of the circuit court, which clearly did not happen in this case because the circuit court was adopting the view of this court, the sanctions were appropriate. The trial court did not abuse of discretion on the October 17th order because the records in the pleadings clearly support the amount of sanctions awarded. The record shows the appellate court's finding of need for sanctions and multiple unrebutted affidavits from the defendant, appellee, Chris Green's lawyers, showing fees and costs in excess of $83,000. Even without an evidentiary hearing, a circuit court may rely upon unrebutted affidavits to determine the reasonable amount of fees to award as sanctions. While Judge Culper did, in fact, refer back to his memory as to the hearing that took place on September 6th, 2022, there's nothing in this October 17th, 2025 order saying that that issue was disposed of. There were a total of four affidavits filed by Christopher Green's lawyers as to the amount of their fees. Two of them were unrebutted. And it's the last affidavit, the fourth affidavit, which winds up with the $99,246.14 award as determined by the court. The mere fact that this award is the analogous award that gave rise after the September 6th, 2022 hearing is really of no consequence because the court doesn't need a hearing. And had any rebuttal affidavits been filed to the fourth amended affidavit or the fourth affidavit, I think the court still could have decided based upon the affidavits or had evidence of your hearing. But once it was not rebutted, that was the uncontested testimony before the court. Under Hess v. Loy, circuit courts were within its discretion to rely upon unrebutted affidavits in determining the reasonableness of fees and awarded sanctions. Since I have a few moments left, what is most troubling about this case is not that we're back in the Court of Appeals here for the second time, not the fact that this case is almost 10 years old, but the underlying facts of what gave rise in the first place. Dr. Pink followed the advice of his lawyer and filed a cause of action under a repealed statute in 2017. After warning, multiple efforts were made to amend the complaint in St. Clair County and still alleging a cause of action under a repealed statute. This resulted in a dismissal with prejudice, an appeal, and many, many attorney's fees on both sides. Dr. Pink took the action which was necessary and paid the sanction award as it related to him through the purchase by his related LLC. However, Mr. Bagsby simply refuses to be held accountable for the legal advice he gave to his client. And now he's trying to find some end around to try to get out of this by saying, let that be on Dr. Pink, but not me. I spent 15 years as a volunteer lawyer in the disciplinary system in the state of Missouri for the last several years as chair of a committee. One of the things our committee always looked at when a lawyer came in to testify was is that lawyer taking responsibility for their actions? And when that answer was yes, that certainly was a mitigating factor when we were making recommendations to the Supreme Court about discipline. Here's a case where a lawyer refuses to be held accountable for his actions. Don't let that happen. We respectfully request the court enter an order which denies the appeal and indicates that the motion to reinstate was rightfully granted by Judge Culper. Unless you have any other questions, Your Honor, I think that's my time. Mr. Fowler, any questions? No questions. Thank you. Any members at this time? Thank you, Your Honor. Thank you, Your Honor. Just two brief points. One is in the underlying action, there was a cause of action pled for the alienation of affections statute. When the statute repealed the cause of action, it did not repeal all claims. Subparagraph F of the statute left intact all claims that existed prior to the effective date of the repeal statute. And that's what I pled. That's what I attempted to plead. The trial court disagreed with me. The panel in this court agreed with the trial court. Secondly, coming down to one of the two essential key points in this appeal, counsel for the appellees has absolutely no legal standing to be in your courtroom. When he bought an order without recourse and he advised his clients to purchase that assignment of judgment on June 12th of 2024 in Franklin County, Missouri, that ended this case forever. Nobody had standing after that. Christopher Green, the original party in control of the order of the judgment, he sold all his rights in the state of Missouri. When counsel advised the appellees to take that purchase of a void order in Franklin County, Missouri, that ended it. That was the end of everything. And that's exactly what Judge Gomrick agreed to in the April 21, 2025 order and contested hearing that we held. She specifically found they had no standing. Nothing has changed. They have absolutely no right to be heard in your courtroom. Secondly, this notion that this motion to reinstate that they filed back on February 25th of 2025, of which we had the hearing on April 21st, 2025 in front of Judge Gomrick, is weird. They label it a motion to reinstate. But as we all know, you don't characterize a plea by how it's titled. You characterize it by what is the substance of a relief you're trying to obtain. They filed it into a closed case, as counsel conceded in front of you. The case was closed. They wanted to reopen the prior order, take additional evidence, and issue a new order, but still identical to the void one. That is a 2-1401 proceeding. Because you're pleading into a closed case, you're asking to take additional evidence, and you want a new order. A Rule 369 motion to reinstate has none of those characteristics or factual qualities. So really, by labeling it a motion to reinstate, it's not going to carry the day. What you were substantively looking for is what's going to carry the day, and how that gets characterized, and whether or not your right to appeal should exist. So this was a 1401 proceeding we held on April 21, 2025, and it was not appealed. It became the law of the case, and that's what prohibits Judge Coker from entering an order on October 17, 2025, six months later, without even giving the other parties an opportunity to be heard of why that order would be prohibited. If that's all I have, I'll listen to Cortez's questions. No questions at this time. Thank you. Thank you both for your briefs and your arguments today. The court will take the matter under consideration and enter its order in due course.